United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40007
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS LOERA-CENTENO, also known as J. Felix Loera-Centeno,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1493-ALL
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Loera-Centeno appeals from his guilty-plea conviction and sentence for being found in the United States after having been previously deported. He was sentenced to 55 months of imprisonment and three years of supervised release. Loera-Centeno asserts that his sentence is invalid in light of United States v. Booker, 543 U.S. 220 (2005). Because the district court sentenced Loera-Centeno under a mandatory guidelines regime, it committed a Fanfan error. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government concedes that Loera-Centeno preserved his Fanfan claim, this court reviews for harmless error. Id.; United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Under this standard of review, the Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Loera-Centeno differently under an advisory guidelines sentencing regime. Walters, 418 F.3d at 464. The record contains no indication that the district court would have imposed the same sentence absent the error. The Government thus cannot meet its burden. Accordingly, Loera-Centeno's sentence is vacated and the case is remanded for resentencing.

Loera-Centeno's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Loera-Centeno contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Loera-Centeno properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.